# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 14-291V
Filed: May 13, 2015

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * | | **UNPUBLISHED** |
| AMY LEA, as Personal Representative * | | |
| of the Estate of MICHAEL LEA, * | | |
| * | | Special Master Hamilton-Fieldman |
| Petitioner, * | | |
| * | | |
| v. * | | Petitioner's Motion for Dismissal |
| * | | Decision; Guillain-Barré Syndrome; |
| SECRETARY OF HEALTH * | | Influenza ("Flu") Vaccine. |
| AND HUMAN SERVICES, * | | |
| * | | |
| Respondent. * | | |
| * | | |
| * * * * * * * * * * * * * * * * * * * * * * * * * | | |

Diana Sedar, Maglio Christopher and Toale, PA, Sarasota, FL, for Petitioner.
Jennifer Reynaud, United States Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On April 11, 2014, Amy Lea ("Petitioner"), as the Personal Representative of the Estate of Michael Lea, filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 et seq. (2006) ("Vaccine Act"). Petitioner alleged that Michael Lea suffered from Guillain-Barré Syndrome ("GBS") as a result of an influenza vaccine he received on October 28, 2011. Petition ("Pet") at 1-2. The undersigned now finds that the information in the record does not show entitlement to an award under the Program.

On May 8, 2015, Petitioner filed an Unopposed Motion for a Decision Dismissing her Petition. Motion, ECF No. 27. According to the motion, "[a]n investigation of the facts and science supporting her case has demonstrated to [P]etitioner that they will be unable to prove that Petitioner is entitled to compensation in the Vaccine Program." Motion at 1. Petitioner further

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 and note (2006)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

states that she understands that dismissal decision will result in a judgment against her, and that such a judgment will end all of her rights in the Vaccine Program.  Id.

To receive compensation under the Vaccine Act, Petitioner must prove either 1) that Michael Lea suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of his vaccinations, or 2) that he suffered an injury that was actually caused by a vaccine.  See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1).  An examination of the record did not uncover any evidence that Michael Lea suffered a "Table Injury."  Further, the record does not contain a medical expert's opinion or any other persuasive evidence indicating that his injuries were caused by a vaccination.

Under the Vaccine Act, a petitioner may not be awarded compensation based solely on the petitioner's claims alone.  Rather, the petition must be supported by either medical records or by the opinion of a competent physician.  § 300aa-13(a)(1).  In this case, because the medical records are insufficient to establish entitlement to compensation, a medical opinion must be offered in support.  Petitioner, however, has offered no such opinion.

Therefore, the only alternative remains to DENY this petition.  **Thus, this case is dismissed for insufficient proof.  In the absence of a motion for review, the Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

/s/Lisa D. Hamilton-Fieldman
Lisa D. Hamilton-Fieldman
Special Master